IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>STEPFON C. GREEN,<br><br>    Defendant. | No. 07-cr-30078-JPG |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on consideration of defendant Stepfon C. Green's prospects for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10.  Counsel appeared for the defendant and has since moved to withdraw on the basis that she can make no non-frivolous arguments in support of a request for reduction (Doc. 64).  *See Anders v. California*, 386 U.S. 738, 744 (1967).  Neither the Government nor the defendant has responded to counsel's motion, although they were given an opportunity to do so.

In February 2008, the defendant pled guilty to two counts of distribution of crack cocaine.  In July 2008, the Court sentenced the defendant to serve a term of imprisonment of 120 months on each count, the terms to run concurrently.  According to the Bureau of Prisons' website, https://www.bop.gov/inmateloc/, the defendant served his sentence of incarceration and was released from custody for his offenses in October 2015.

The Court now considers whether changes to U.S.S.G. § 2D1.1 apply to the defendant to lower his sentence.  Amendment 750 (as amended by Amendment 759) amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine. The relevant parts of Amendment 750 are retroactive.  *See* U.S.S.G. § 1B1.10(c) (2011).  Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts.  The relevant parts of Amendment 782 are retroactive.

*See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

Here, the defendant does not satisfy the second criterion. A reduction is inconsistent with the applicable policy statement that permits a reduction only where the defendant is in custody. *See* U.S.S.G. § 1B1.10(a)(1) (allowing a reduction where "a defendant is serving a term of imprisonment"). Additionally, a defendant cannot receive a reduction to a sentence lower than the term he has already served. *See* U.S.S.G. § 1B1.10(b)(2)(C) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."); *see United States v. Parker*, 472 F. App'x 415, 417 (7th Cir. 2012). Since the defendant is finished serving his term of imprisonment and cannot receive a sentence lower than that which he has already served, he cannot be eligible for a reduction. Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 64) and **ORDERS** that counsel Judith A. Kuenneke is withdrawn as counsel in this case.

**IT IS SO ORDERED.**
**DATED:   December 1, 2016**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**